UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTHA SANCHEZ-RESTREPO,

v.   Case No. 8:04-cr-113-T-17TGW
      8:08-cv-1740-T-17TGW

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Sanchez-Restrepo's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-226). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

BACKGROUND

On September 24, 2004, Defendant entered a guilty plea, without a plea agreement, to counts one, two, three, and four of a four-count Indictment. (Doc. cr-95). On March 22, 2005, the Court sentenced Defendant to two hundred sixty-two months as to each of counts one, two, three and four of the Indictment, to run concurrently. Judgment was entered that same day. (Doc. cr-180). On March 27, 2005, Defendant filed a Notice of Appeal (Doc. cr-184). On February 28, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence. (Doc. cr-217).

Defendant signed the present motion to vacate on August 25, 2008. The motion to vacate is untimely.

## Discussion

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. A conviction becomes "final" when the Supreme Court has denied certiorari. Since Defendant Sanchez-Restrepo did not file a petition for writ of certiorari, the judgment became "final" when the possibility of further direct appellate review was exhausted, 90 days from the entry of judgment. Defendant's conviction became final on May 29, 2006, when the time for seeking certiorari review had expired; therefore, she had until May 29, 2007, to file a section 2255 motion. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir.) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255 until expiration of 90-day period for seeking

certiorari), *cert. denied*, 123 S.Ct. 287 (2002).  Defendant did not sign the present motion to vacate until August 25, 2008.  Therefore, her 28 U.S.C. § 2255 motion to vacate is time-barred.

Sanchez-Restrepo has not presented any exceptional circumstances that warrant equitable tolling of the one-year limitations period.

Accordingly, the court orders:

That Sanchez-Restrepo's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-226) is denied, with prejudice. The Clerk is directed to enter judgment against Sanchez-Restrepo in the civil case, to terminate all pending motions, and to close that case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in

these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 18, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Christopher P. Tuite
Martha Sanchez-Restrepo, pro se